# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICKY YOUNG (#841398), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 8359 |
| ) | |
| STEVE BRYANT, THOMAS FITZPATRICK, ) | |
| RHONDA MEACHAM, SHELLY MIKUAL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This pro se Complaint by Ricky Young ("Young") does not present a claim upon which this Court can grant relief. Accordingly both the Complaint and this action are dismissed, but without prejudice to Young's bringing his claim in state court.[1] All pending motions, including Young's motion for leave to proceed in forma pauperis ("IFP") [3], are denied as moot. This case is therefore closed.

Young, a civil detainee under Illinois' Sexually Violent Persons Act who is confined at the Rushville Treatment and Detention Facility, seeks to bring this lawsuit as a civil rights action pursuant to 42 U.S.C. § 1983. Young names as defendants Steve Bryant (the Director of Illinois' Conditional Release Program), Thomas Fitzpatrick (a conditional release agent), Rhonda Meacham (a social worker), and Shelly Mikual (an employee of Meacham's counseling services). Young's Complaint alleges that while he was on conditional release in May of 2012 he turned photographs over to his conditional release agent Fitzpatrick, who gave them to Meacham

---

[1] No view is expressed or implied here as to the substantive viability or nonviability of Young's claim under state law.

for review. Sometime later Young was arrested for violating his release. Although he requested the return of the photographs (which he says were of deceased family members), he never received them. Young seeks a declaratory judgment, damages and any other available relief.

Those allegations do not present a federal claim that can support a civil rights action in this District Court. Nearly a quarter century ago (see <u>Zinermon v. Burch</u>, 494 U.S. 113, 128-29 (1990) and cases cited there) the Supreme Court made it abundantly clear that the availability of a common law tort remedy for erroneous deprivation of property -- whether unintentional or intentional -- satisfies due process. Thus, as this Court's colleague Honorable James Holderman has stated simply in <u>Tullis v. Detella</u>, No. 98 C 352, 1999 WL 90650 at *2 ('N.D. Ill. Feb. 10), citing 705 ILCS 501/1 et seq.:

> Any claim concerning lost or stolen property belongs in state court.

Because Illinois does indeed provide an adequate post-deprivation remedy (705 ILCS 505/8), the availability of that remedy compels the conclusion announced in the first paragraph of this memorandum order. Just a few words should be added, however, as to Young's IFP application, which if he were a "prisoner" would subject him to the payment of a full filing fee in future installments under the special prisoner-related provisions of 28 U.S.C. § 1915 ("Section 1915"). But Young's current civil detention under the Illinois Sexually Violent Persons Commitment Act Treatment Program does not, as Young himself asserts, appear to fit the definition of "prisoner" in Section 1915(h) -- hence this memorandum order's simple denial of his IFP application as moot.

                                                     *[signature]*
                                                    Milton I. Shadur
December 2, 2014                       Senior United States District Judge